United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mary Lou Bryant, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 21-22957-Civ-Scola |
| | ) |
| United States of America, Respondent. | ) |

### Order

This matter was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendation on the Petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (ECF No. 3.) On April 14, 2022, Judge Goodman issued a report, recommending that the Court dismiss the Petitioner's § 2255 habeas petition as time-barred and decline to issue a certificate of appealability. (ECF No. 14.) The Petitioner filed objections to the report (ECF No. 15), and the Government filed a response to the Petitioner's objections (ECF No. 18). After careful consideration of Judge Goodman's report, the Petitioner's objections, the record, and the relevant legal authorities, the Court **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 14**) and **dismisses** the Petitioner's motion to vacate (**ECF No. 1**).

1. **Background**[1]

Following an elaborate Government investigation—which took her on paid trips to Disney World and Key West, where Bryant was observed walking, biking, and queueing in line—Bryant pled guilty on April 22, 2019, to one count of theft of government funds. (Crim. ECF No. 11.)[2] In particular, Bryant pled guilty to theft of $278,077 in disability benefits that she received over the course of seven years. (*Id.*) Now, pursuant to her plea agreement, Bryant may lose her house.

In her plea agreement, Bryant agreed to entry of a money judgment, including forfeiture of "any substitute property" that may be needed to satisfy the money judgment. (ECF No. 14 at 4.) The Court ultimately sentenced Bryant

---

[1] The Court will only provide a summary review of the relevant facts. A comprehensive and commendable recitation of the facts is available in Judge Goodman's report. (ECF No. 14 at 2–14.)

[2] "Crim. ECF No." refers to the criminal-case docket in *USA v. Bryant*, 19-cr-20146-RNS.

to one month in prison, to be followed by three years supervised release, a $100 assessment, and $278,077 in restitution. (*Id.* at 9.)

To Bryant's professed surprise, the substitute property that she agreed to forfeit included her house. On July 19, 2019, following sentencing and on the Government's motion for an order of forfeiture of substitute assets, the Court entered an order permitting the Government to seize Bryant's home to satisfy the $278,077 money judgment. (*Id.* at 10.)

Although still represented by counsel, Bryant filed a *pro se* motion for reconsideration one month later. (*Id.*) The motion was denied, but four days later, Bryant—apparently unaware of the Court's earlier ruling—filed a "Reply to Government's Opposition to Defendant's Motion for Reconsideration" ("Reply" or "September 2019 Reply"). (*Id.* at 12.) Through her motion for reconsideration and the associated reply, Bryant sought vacatur of the forfeiture order of substitute property, arguing that her house was not subject to forfeiture as it was not "traceable" to her theft of government funds and that the restitution award had to be reduced. (*Id.* at 10–11.)

Over two years after her sentencing, on August 15, 2021, Bryant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion" or "August 2021 Motion"). (ECF No. 1.) After full briefing, Judge Goodman issued a report, recommending that the Court dismiss the Motion as untimely under 28 U.S.C. § 2255(f) and decline to issue a certificate of appealability. (ECF No. 14.) As a preliminary matter, Judge Goodman held that Bryant's conviction became final on August 5, 2019, meaning that she had until August 5, 2020, to file a § 2255 motion. (*Id.* at 19.) Judge Goodman then rejected Bryant's argument that her September 2019 Reply is properly construed as a timely motion to vacate. (*Id.* at 20.) Rather, Judge Goodman held that the Reply solely sought the vacatur of the order of forfeiture of substitute assets and a reduction in the forfeiture amount, which are types of relief that are not cognizable under § 2255. (*Id.* at 22–23.) Judge Goodman concluded that § 2255 only affords relief from a custodial sentence—a type of relief to which Bryant, even liberally construing her *pro se* filing, made no reference. (*Id.*) In any event, Judge Goodman held that even if the Reply could be construed as a timely motion to vacate under § 2255, the August 2021 Motion does not "relate back" to the September 2019 Reply. (*Id.* at 23.)

### 2. Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208

F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *See Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. Analysis

Bryant objected to Judge Goodman's conclusions (1) that the September 2019 Reply was not a § 2255 motion and (2) that the instant August 2021 Motion does not relate back to the earlier-filed Reply. (ECF No. 15 at 1.) For Bryant to succeed, the Court must sustain her objections on both grounds. But for the reasons set out below, the Court affirms Judge Goodman's report.

### A. AEDPA

First, the Court will start with the relevant law. To "advance the finality of criminal convictions," the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitation—a "tight time line"—by which a petitioner must seek post-conviction relief. *See Mayle v. Felix*, 545 U.S. 644, 662 (2005). Relevant here, the one-year limitations period begins on "the date on which the judgment of conviction becomes final."[3] *See* 28 U.S.C. § 2255(f)(1). AEDPA is unforgiving—a petition filed a day late is untimely, subject to narrow exceptions. *See Close v. United States,* 336 F.3d 1283, 1286 (11th Cir. 2003) (holding that a post-conviction motion filed three days late was untimely).

Bryant can only succeed if she filed a timely § 2255 motion. Bryant's conviction became final on August 5, 2019, which Bryant does not dispute. (ECF No. 14 at 19.) Moreover, Bryant does not, and cannot, dispute that she filed the instant Motion on August 15, 2021, well after AEDPA's one-year

---

[3] Bryant does not argue that any other provision of § 2255(f) is applicable here. The Court notes that Bryant also does not argue that equitable tolling or actual innocence applies.

statute of limitations had expired. Therefore, the instant Motion is only timely if (1) Bryant filed a motion to vacate by August 5, 2020, and (2) the instant Motion relates back to an earlier-filed, timely § 2255 motion.

### B. The Motion to vacate is untimely.

To determine whether the September 2019 Reply[4] is, properly construed, a § 2255 motion, the Court must inquire—what is a § 2255 motion? A motion under § 2255 is only cognizable if it seeks "the right to be released" from an alleged wrongful restraint. *See Mamone v. United States*, 559 F.3d 1209, 1210 (11th Cir. 2009) (quoting 28 U.S.C. § 2255(a)). This is a limited purpose; section 2255 cannot be used to challenge anything other than a release from custody, such as restitution. *See id.* at 1211 (holding that petitioners "cannot utilize § 2255 to challenge [a petitioner's] restitution," even if such claims are accompanied by "cognizable claims seeking release from custody"); *Blaik v. United States*, 161 F.3d 1341, 1342 (11th Cir. 1998) (holding that "§ 2255 may not be utilized for the sole purpose of attacking fines and orders of restitution").

So, a § 2255 motion must seek release from custody. But in construing the September 2019 Reply, the Court is mindful that it must "look behind the label of a motion filed by a *pro se* inmate and determinate whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (citing *Andrews v. United States*, 373 U.S. 334 (1963)). Thus, rather than looking to the Reply's label, the Court must look to the relief sought and the underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (holding that courts "sometimes will ignore the legal label that a *pro se* litigant attached to a motion" in order to "avoid an unnecessary dismissal," "to avoid inappropriately stringent application of formal labeling requirements," and "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); *see also United States v. Garrison*, 797 F. App'x 500, 502 (11th Cir. 2020) (holding that courts "must look beyond the labels of motions file by pro se inmates to interpret them under whatever statute would provide relief") (quoting *Zelaya v. Sec'y, Fla. Dep't of Corrs.*, 798 F.3d 1360, 1366–67 (11th Cir. 2015)).

As Judge Goodman detailed, Bryant's September 2019 Reply did not seek a release from her one-month prison sentence; rather, it challenged the forfeiture of Bryant's home and the amount of restitution. (ECF No. 14 at 23.)

---

[4] Bryant does not argue that any other filings could be interpreted as a timely § 2255 habeas motion. Therefore, the Court will only consider whether the September 2019 Reply was, properly construed, a motion to vacate under § 2255.

As established above, such relief is unavailable under § 2255. *See Blaik*, 161 F.3d at 1343 ("§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[] the right to be released' from custody.").

Bryant does not object to the legal principles set out in *Mamone* and *Blaik*. Rather, Bryant argues that just because the September 2019 Reply may have been legally inadequate to succeed on the merits under § 2255, that cannot be determinative of whether it was, in fact, a § 2255 motion. (ECF No. 15 at 5.) Put another way, Bryant contends that while the "Reply" may have been a deficient § 2255 pleading, it should still be construed as a § 2255 pleading—deficient or not.

Bryant's argument proves too much. In essence, Bryant argues that the Court must disregard not only the label but also the relief sought in the September 2019 Reply. This would improperly turn the Court into "*de facto* counsel for a [*pro se*] party," correcting not only the inartful labels but also rewriting the relief that a pro se petitioner seeks. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Looking to the relief sought, the Court finds that the September 2019 Reply was not a § 2255 motion; rather, it was a reply brief filed in support of Bryant's motion for reconsideration. It cited to the Government's response in opposition to the motion for reconsideration, and it urged the Court to "vacate . . . the previous Order of Forfeiture of [Substitute] Property." (Crim. ECF No. 40 at 11.) Nowhere did the September 2019 Reply seek a release from custody.

Based on the relief sought, the September 2019 Reply should be properly construed as what it purported to be—a reply memorandum in support of Bryant's motion for reconsideration of the forfeiture order. It did not seek release from custody, or any cognizable relief under § 2255, and therefore, it was not a motion to vacate under § 2255. As the September 2019 Reply was not a § 2255 motion, and as the instant August 2021 Motion was filed two years after Bryant's conviction became final, the Motion is untimely and must be dismissed.

### C. In any event, the Motion does not relate back to an earlier-filed § 2255 motion.

The Court also agrees with Judge Goodman that even if the September 2019 Reply could be construed as a motion to vacate under § 2255, the instant August 2021 Motion does not relate back.

An untimely § 2255 motion is barred unless it "relates back," under Federal Rule of Civil Procedure 15(c), to an earlier-filed, timely motion. *See*

*Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000); *Mayle*, 545 U.S. at 649–50. Yet courts must be careful not to use the "relate back" doctrine to "defeat Congress's intent to impose a strict time limit on claims for post-conviction relief." *See Espinosa v. United States*, 330 F. App'x 889, 891 (11th Cir. 2009). New claims asserted in an untimely petition may only be found to "relate back" to an earlier filing if "the original and amended petitions state claims that are tied to a common core of operative facts[.]" *Mayle*, 545 U.S. at 664. Such amended claims may not allege "an entirely different transaction" but must "arise[] from the same set of facts." *See Espinosa*, 330 F. App'x at 892. In total, the "key consideration is [whether] the amended claim arises from the same conduct and occurrences upon which the original claim was based." *See Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002).

Here, the instant Motion concerns an "entirely different transaction" than the September 2019 Reply. Bryant argues that both the September 2019 Reply and the August 2021 Motion concern the "same conduct and occurrence"—the forfeiture of Bryant's house. (ECF No. 15 at 8.) While both papers generally concern Bryant's objection to the use of her house as a substitute asset, the instant Motion relies on Bryant's trial counsel's alleged ineffective assistance and trial counsel's alleged affirmative misrepresentations regarding whether Bryant's house could be a substitute asset. (*See* ECF No. 8.) The September 2019 Reply does not refer to or hint at any misconduct or misrepresentations committed by Bryant's attorney. Rather, the September 2019 Reply makes legal arguments concerning whether Bryant's house can be traced back to her criminal conduct and what the appropriate amount of restitution should be. (Crim. ECF No. 40.)

Therefore, while the claims made in the September 2019 Reply arose out of the use of her home as a substitute asset and the appropriate restitution calculation, the Motion arose out of Bryant's counsel's alleged ineffective assistance of counsel, which constitutes separate conduct that does not relate back. *See Dean*, 278 F.3d at 1223 (holding that a claim that the petitioner "did not make . . . at all in his original petition" could not relate back).

### 4. Conclusion

For the reasons set out above, the Court **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 14**.) The Court **dismisses** Bryant's motion to vacate (**ECF No. 1**.)

Moreover, the Court does not issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Bryant's motion is time-barred, Bryant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Finally, the Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on June 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge