United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mary Lou Bryant, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22957-Civ-Scola |
| | ) |
| United States of America, | ) |
| Defendant. | ) |

**Order Denying Motion for Reconsideration**

 This matter comes before the Court upon an independent review of the record. Previously, the Court affirmed and adopted the Report and Recommendation of Magistrate Judge Goodman on the Plaintiff's motion to vacate, and in doing so, dismissed the motion and directed the clerk to close this case. (Order, ECF No. 19.) On July 19, 2022, the Plaintiff, Mary Lou Bryant, simultaneously filed a notice of appeal of that order (ECF No. 21) and a "response" to the Court's order, which the Court interprets as a motion for reconsideration of the order. (Mot., ECF No. 20.) Upon review of the motion, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 20**).

 "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions,

however, a motion to reconsider is not ordinarily warranted. Here, reconsideration is decidedly not warranted.

Bryant begins her brief by requesting that the Court grant a certificate of appealability, which the Court denied in its order adopting the Magistrate Judge's Report and Recommendation. (Mot. at 2-3.) Next, Bryant argues that *this* motion, and not her original motion to vacate (ECF No. 1) should be treated as her actual motion to vacate, and therefore her arguments should be considered anew. (Mot. at 4-6). Accordingly, Bryant's motion is wholly meritless. Ultimately, except for disagreeing with the Court's analysis in its order dismissing her case, and rehashing arguments she has already made, Bryant fails to set forth any basis that would justify the Court's revisiting its decision. Consequently, the Court **denies** her motion for reconsideration (**ECF No. 20**).

**Done and ordered**, at Miami, Florida, on August 25, 2022.

_____
Robert N. Scola, Jr.
United States District Judge